The next matter on our calendar is Halkias v. National Union Fire Insurance. Mr. Romans? Yes, good morning, Your Honor. Can you now hear and see me? We heard you, but we did not see you. He says you cannot start your video because your host has stopped it. What is your problem? I don't understand. Oh, there you are. It was stopped at your end, Your Honor. Proceed. Can you now both hear and see me? Yes, you could speak up a little bit. That would be helpful. Yes, how's that? Perfect. Good morning. May it please the Court, I'm Thomas Romans, representing the appellant, Katrine Halkias, in this matter. May it please the Court. Your Honor, this case basically involves two questions. First, did the District Court abuse its discretion in dismissing the appeal subsequent, before it ruled on my motion to extend my time to appeal, and after I had filed the appeal? I'm going to, if the Court will allow, pass over that and go to the question of service, because the District Court law did effectively deal with my appeal on the merits. And the merits of it, really, the keystone question here is whether or not I was effectively noticed or served with the lifting of the stay in this matter. Also, doesn't your client concede that she received it? Yes, that she did receive it, and I pointed out that she is a Greek immigrant. She was relying upon me, and I argue that in this case I was entitled to notice under the Court's bankruptcy order and procedures order that I be served by mail with the notice of lifting of the stay. And you weren't, were you not? Pardon? You were. I'm questioning the affidavit of service, and I did raise it effectively in the bankruptcy court and in the District Court below. I'm arguing that I did, first of all, it's my testimony below that I did not receive it, and that based upon the mailbox rule, the presumption of mailing to me should not have been raised because the basic affidavit that the District Court relied upon is patently defective. Do you mean the District Court, or do you mean the bankruptcy court? Both. The bankruptcy court relied exclusively on an affidavit of service, which I'm claiming, Your Honor, is patently defective. It does not have the affidavit of service. My name was not in the affidavit of service. There are no, no one with personal knowledge attested to the mailing or attested to the procedures that were followed. But you were on the affected parties list. Counsel, you and your client were both on the affected parties list, if not the master service list. And we know she got the notice. Yes, we did not contest the notice being mailed to my client. And they also suggest, there was also a suggestion that you received the email of this, but you claim you didn't check your email. Is that correct? I did check my emails, Your Honor. The email was not sent to me personally. It was sent to APinfo. That was rooted to my spam. I never, I never received that email. And again, my argument... Counsel, that, that is an issue with how you have your law office set up and operating. It's not an issue with whether the notice was sent to a properly designated email address. Correct? That's correct, Your Honor. But again, the bankruptcy court established specific procedures and I relied upon them. I thought that under the bankruptcy procedures, the bankruptcy order... Well, I mean, there's a question as to whether maybe part of your law office procedures, when you're expecting an email, should be to check your spam folder. And even putting that aside, don't you generally have an obligation as an attorney to monitor the docket? And wasn't it here was that I did not know that the stipulation was ever signed. I did not file the stipulation. The counsel for A&P filed the stipulation. I constantly called, trying to find out if he received the stipulation and whether he signed it. Counsel, aren't you signed up for ECF notice? Pardon me? Aren't you signed up for ECF notice in the bankruptcy court? I did not file an appearance in the case because I didn't think it was necessary or appropriate, Your Honor. The case is a huge case. By signing on to the ECF docket, I'm just indonated with emails. I'm continuing to get five or six emails a day from the A&P case and I had no involvement in that case at all. Counsel, if you didn't want the email, you could have physically checked the docket. Do you know how to do that? Yes, I do, Your Honor. You could have checked and found out that the notice, the stay was granted. Could you have not? If I had checked the docket, I could have, Your Honor, but I didn't even know that the stipulation had been signed and filed. I know, but that would have been on the docket. Following up to see if it had been filed. I'm sorry, Your Honor. You filed the application to lift the stay in the bankruptcy court, so you, on behalf of your client, were injecting yourself into the bankruptcy matter, so how is it sufficient to say this was a large Chapter 11 case, so it's too much activity for me to want to get notices? Once you file the lift stay motion, don't you have obligation to be paying attention to what's going on? No, the lift stay motion came after the fact, Your Honor. No, but your initial application was resolved by stipulation, so your client was wanting to affirmatively depart from the stay normally in place as a result of a bankruptcy. Yes, the stipulation had been filed, but it was filed without my knowledge. I then went back to the bankruptcy court and asked the bankruptcy court to consider my argument. You filed the motion. Your client got noticed that the automatic stay was lifted, and if she had been in communication with you, you would have known about it, but you were not talking to your client. It was sent to your P.O. box, and if your P.O. box had been functional and accepting mail, you would have gotten it, but there's a problem with your P.O. box. It was emailed to you, and it went to your spam folder, and if you had checked your spam folder, you would have seen the notice, but you don't check your spam folder. It was on the docket, and if you had signed up for ECF notices, you would have received it, but you did not sign up for ECF notices. If you had checked the docket physically, even though you're not getting ECF notices, you would have seen it, but you did not check the docket, even though you're expecting a response to the motion. I mean, given all of those ways you could have found out about it, is it really the court's fault that you didn't receive notice? Well, and then just to piggyback on Judge Menasche's questions, this same pattern continued once you filed the appeal in front of Judge Seibel, and you missed the time to perfect your appeal in front of her. Correct? There was only one incident, Your Honor. I've been on this case for over six years now. Everything has been diligently taken care of. I don't think I did anything wrong. Well, except for these two major deadlines that you missed. Major deadlines. One to file your your appeal to the district court. Yes, the first deadline was missed because I'm urging the court to accept that I did not file the stipulation, that I did not know about it, and I think there was no reason why I would file an appearance in the A&P case until such time as I got involved in the A&P case. Counsel, do you want to argue to us that dismissal was too harsh a remedy and the district court instead should have just sanctioned you? Is that your argument? That was my initial argument, Your Honor, and I think the Third Circuit had a similar situation where they found it was an abuse of discretion to dismiss an appeal after the brief was filed, and I think that I also cited a case in Connecticut, a district court case in Connecticut that found it was not proper to dismiss an appeal after the brief had been filed. Didn't Judge Sibelvo go on to deal with the merits and find that even if she reached the merits, your appeal was without basis? Yes, she did, Your Honor, and that's why I jumped right into the issue of the affidavit because I think that's the linchpin of the whole matter, and I just wanted the court to understand why I did not file a notice of appearance in the A&P case because I was not involved in the A&P case until the stipulation had been filed, and I never knew the stipulation had been filed. I was repeatedly following up with A&P counsel to see if they signed the stipulation in the first instance and second, whether or not they had filed it, but by the time they got back to me, it was too late. The time had already expired. It's not that I was just sitting there doing nothing. I was trying to follow up and find out what was going on, and not having done all these other things, had I known I was going to get into this problem, I certainly would have done all these other things, but the fact that I was not checking spam, the fact that I was not checking an A&P docket that I was not involved in at the time, and to say that I was not communicating with my client is just not true. I basically... Can I ask you a question? You made an argument about the sufficiency of the affidavit of service, but am I correct that you never raised those arguments below, that you're raising them for the first time really in connection with this appeal, correct? Yes, that's correct. I dealt with that issue in my reply brief to state that I did raise, I did question the affidavit of service in a reply brief before Judge Drain, and Judge Drain did not have my reply brief. It wasn't my fault that he didn't have it. It was the fault of the court in White Plains that they did not give Judge Drain my reply brief, where I did question the manner in and how my name was not on the affidavit itself, but it was on an attachment to it, and that attachment actually had my client's name before my name, so mail was being addressed to my client and not directly to me. Would you raise that in your reply brief, you're saying, in front of Judge Drain for the first time? Before Judge Drain, I did. In your reply though? To Judge Drain, well, that was at oral argument, Your Honor, and it was not explored at oral argument before Judge Drain, because he didn't have my reply brief and said that he would take it under advice, but I'm not sure. But my question to you is, did you raise it in your motion or only in your reply brief? In my motion, I stated that I was not served by mail, but after the National Union Fire Insurance Company raised the issue of service, then I addressed it in my reply brief, because I changed my position. Counselor, your time has expired, and National Union is on submission, so we will not hear from them now. I see that someone is here from National Union, but you are not prepared to argue, correct? Your Honor, we'll rely on our submissions unless the court has questions. No, thank you. I appreciate it. Thank you. We'll reserve decision. Thank you.